



THE CITY OF NEW YORK

**MICHAEL A. CARDOZO**
*Corporation Counsel*

## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NEW YORK 10007

**SHAWN D. FABIAN**
Assistant Corporation Counsel
E-mail: shfabian@law.nyc.gov
Phone: (212) 788-0906
Fax: (212) 788-9776

April 2, 2008



**BY HAND DELIVERY**
Honorable Henry B. Pitman
United States Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 750
New York, New York 10007

Re: Paul Thompson v. Corporation Counsel, et al., 07 Civ. 3021 (JSR)(HBP)

Your Honor:

      I am an Assistant Corporation Counsel in the Office of Michael A. Cardozo, Corporation Counsel of the City of New York, representing defendants Corporation Counsel and the New York City Department of Correction in the above-referenced matter.[1] Defendants write to (1) respectfully request that Your Honor permit defendants to move to enforce the settlement agreement that was reached between plaintiff and defendants on February 29, 2008, or in the alternative, to schedule a conference in the above-referenced matter to resolve the issues addressed herein, and (2) respectfully request that the Court stay any remaining discovery in this matter pending the Court's decision on defendants' motion or pending the outcome of the proposed conference.

      On February 29, 2008, during a telephone call between plaintiff and the undersigned, the parties agreed on a settlement in the above-referenced matter. On that date, defendants sent, by hand delivery, a letter to the Honorable Jed S. Rakoff, along with a courtesy copy to Your Honor, informing the Court that the parties had reached a settlement agreement.

---

[1] Upon information and belief, individually named defendant Captain Kearney has not yet been served in this matter.

During the week of March 10, 2008, the undersigned mailed plaintiff a Stipulation and Order of Settlement and Dismissal in the amount of $2,850.00, the amount agreed upon by the parties, along with an Affidavit of No Liens and General Release. On March 12, 2008, the Court ruled on plaintiff's application, that was pending prior to settlement, regarding his Second Set of Interrogatories. It appears that the undersigned's February 29, 2008 letter advising the Court of settlement and the Court's March 12, 2008 Order crossed in delivery. On March 20, 2008, defendants received a letter from plaintiff stating that "*while the undersigned was of the belief that the parties negotiated an agreement*, it was under the belief that the Judge had denied my order to compel." Plaintiff continued in his letter that he has decided to include the cost to repair his tooth "with the *original negotiation* of $2,850.00; which amount to 5,000.00 for settlement." (italics added for emphasis). See Exhibit "A," Plaintiff's letter to the undersigned dated March 20, 2008.

Courts in this Circuit have previously enforced settlement agreements reached between parties, and in doing so, have noted that once a party "makes a deliberate, strategic choice to settle, a court cannot relieve him of that choice simply because his assessment of the consequences was incorrect." See Perdum v. New York City OMB, 95 Civ. 4007 (HB), 1996 U.S. Dist. LEXIS 13616, at *3 (Sept. 18, 1996) (citing United States v. Bank of N.Y., 14 F.3d 756, 759 (2d Cir. 1994)). In fact, "'the Court must be careful to guard against the possibility that parties will seek to manipulate settlements to gain strategic advantage, settling and unsettling litigation to suit their immediate purposes.'" Walker v. City of New York, 05 CV 0004 (JBW) (JMA), 2006 U.S. Dist. LEXIS 34345, at *18 (E.D.N.Y. June 15, 2006) (quoting Media Group, Inc. v. HSN Direct Int'l, Ltd., 202 F.R.D. 110, 112 (S.D.N.Y. 2001)).

A settlement agreement is a contract that is interpreted according to general principles of contract law. Omega Eng'g, Inc. v. Omega, S.A., 432 F.3d 437, 443 (2d Cir. 2005). Once a contract is entered into, it is binding and conclusive. Janneh v. GAF Corp., 887 F.2d 432, 436 (2d Cir. 1989). Absent "cause sufficient to invalidate a contract, such as fraud, collusion, mistake or accident," a party should not be relieved of the consequences of a validly negotiated agreement they have entered. Willgerodt v. Hohri, 953 F. Supp. 557, 560 (S.D.N.Y. 1997). As reflected in plaintiff's March 20, 2008 letter, plaintiff acknowledges the parties negotiated a settlement in the amount of $2,850.00, and therefore, defendants respectfully request that Your Honor permit defendants to move to enforce the settlement agreement that was reached between plaintiff and defendants. In the alternative, defendants respectfully request that Your Honor schedule a conference in the above-referenced matter to resolve the issues addressed herein.

Defendants also respectfully request that Your Honor stay any remaining discovery in the above-referenced matter pending the Court's decision on defendants' motion or pending the outcome of the proposed conference. In an Order dated February 29, 2008, Your Honor ordered that plaintiff's deposition be taken on March 7, 2008. Defendants were fully prepared to take plaintiff's deposition via video conference link on that date, however, because the parties reached a settlement agreement on February 29, 2008, defendants cancelled plaintiff's March 7, 2008 deposition, and informed the Great Meadow Correctional Facility, where plaintiff is housed, of the cancellation. Further, pursuant to Your Honor's Order of March 12, 2008, the Court directed defendants to provide complete responses to Plaintiff's Second Set of Interrogatories; however, again, defendants reasonably believed that the parties reached a

settlement agreement resolving the case. Defendants respectfully request that Your Honor stay production of those responses, along with any remaining discovery, pending the Court's decision on defendants' motion or pending the outcome of the proposed conference. Should Your Honor grant defendants' request to move to enforce the settlement agreement, defendants propose the following briefing schedule:

| | |
|---|---|
| Defendants' motion to be served by: | April 18, 2008 |
| Plaintiff's opposition papers, if any, to be served by: | May 12, 2008 |
| Defendants' reply papers, if any, to be served by: | May 23, 2008 |

Thank you for your consideration herein.

Respectfully submitted,

Shawn D. Fabian (SF4606)
Assistant Corporation Counsel
Special Federal Litigation Division

cc: Mr. Paul Thompson (By First Class Mail)
Plaintiff *Pro Se*
#07-A-2094
Great Meadow Correctional Facility
P.O. Box 51
Comstock, New York 12821

Defendants are granted leave to move to enforce the settlement claimed. The schedule proposed herein is approved. All other proceedings are stayed pending resolution of the motion.

SO ORDERED

HENRY PITMAN
UNITED STATES MAGISTRATE JUDGE
4-8-08